|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| 2 | | |
| 3 | JASMIN L. JEFFERSON, | CASE NO. C17-5410 BHS |
| 4 | Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND MOTION TO APPOINT COUNSEL |
| 5 | v. | |
| 6 | MEGAN J. BRENNAN, Postmaster General, | |
| 7 | Defendant. | |

This matter comes before the Court on Plaintiff Jasmin L. Jefferson's ("Jefferson") motion to proceed *in forma pauperis*, proposed complaint, and motion to appoint counsel. Dkts. 1, 1-1, 1-2.

On May 30, 2017, Jefferson filed the instant motion and proposed complaint. Jefferson asserts that her household income is approximately $1,750 per month with some additional income from child support or alimony and household expenses of approximately $700 per month. Dkt. 1 at 1–2. Jefferson alleges that the postal service denied her reasonable accommodations when she was pregnant. Dkt. 1-1 at 1.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a); W.D. Wash. Local Rules LCR 3(b). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The court has broad discretion in denying

an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

In this case, Jefferson has failed to show exceptional circumstances exist in this civil action for damages. It appears that Jefferson is able to pay the filing fee, which precludes a finding of indigency. Therefore, the Court denies the motion.

With regard to the motion to appoint counsel, the Court evaluates both the likelihood of success on the merits and the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). At this point, Jefferson appears to be able to articulate her claims and the legal issues are not that complex. Therefore, the Court denies Jefferson's motion to appoint counsel.

Jefferson must pay the filing fee or otherwise respond no later than June 16, 2017. Failure to do so will result in the Clerk dismissing her claims without prejudice for failure to prosecute without further order of the Court.

**IT IS SO ORDERED**.

Dated this 7th day of June, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge